IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGETOWN LAW CENTER ON PRIVACY & TECHNOLOGY, AMICA CENTER FOR IMMIGRANT RIGHTS, AMERICANS FOR IMMIGRANT JUSTICE,<br><br>*Plaintiffs*,<br><br>v.<br><br>CUSTOMS AND BORDER PROTECTION, IMMIGRATION AND CUSTOMS ENFORCEMENT, and the DEPARTMENT OF HOMELAND SECURITY<br><br>*Defendants*. | Case No. _____<br><br>**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

Plaintiffs Georgetown Law Center on Privacy & Technology, Amica Center for Immigrant Rights, and Americans for Immigrant Justice (together "Plaintiffs"), submitted two Freedom of Information Act ("FOIA") requests (the "Requests") to Defendants, Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP") seeking records related to the agencies' policies and practices pertaining to the collection and use of noncitizen DNA under 34 U.S.C. § 40702. Defendants have failed to make a determination on the Requests and failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Plaintiffs now file this action for declaratory, injunctive, and other appropriate relief under the FOIA, 5 U.S.C. § 552.

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B), (6)(C)(i), and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Plaintiffs Georgetown Law Center on Privacy & Technology and Amica Center have their principal place of business in this district.

## PARTIES

3. Plaintiff Georgetown Law Center on Privacy & Technology ("The Privacy Center") is a center within the Georgetown University Law Center, an American Bar Association ("ABA") accredited law school, with its primary place of business in Washington, D.C. The Privacy Center undertakes research and policy advocacy focused on government and corporate surveillance and individual privacy protections.

4. Plaintiff Amica Center for Immigrant Rights ("Amica Center") is a 501(c)(3) non-profit, non-partisan organization, with its principal place of business in Washington, D.C. Amica Center provides legal services, including direct representation and pro se assistance, to detained and non-detained noncitizens in removal proceedings. Amica Center also represents its clients and provides pro se assistance on appeal before both the Board of Immigration Appeals ("BIA") and the U.S. Circuit Courts of Appeals.

5. Plaintiff Americans for Immigrant Justice ("AI Justice") is a 501(c)(3) non-profit, non-partisan organization, with its principal place of business in Miami, Florida. AI Justice provides legal services, including direct representation, to noncitizens including unaccompanied minors, and survivors of trafficking, domestic violence, and sexual assault.

2

6. Defendant CBP is a component agency of the Department of Homeland Security ("DHS") and an agency of the United States under 5 U.S.C. § 552(f)(1). Among its duties, CBP is responsible for immigration enforcement at and between ports of entry. Upon information and belief, CBP and its component branches have responsive records in its possession, custody, and control. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

7. Defendant ICE is a component agency of DHS and an agency of the United States under 5 U.S.C. § 552(f)(1). Among its duties, ICE is responsible for immigration enforcement, which includes detention and removal of noncitizens. Upon information and belief, ICE and its component branches have responsive records in its possession, custody, and control. Defendant ICE is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

8. Defendant DHS is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). DHS is responsible for enforcing federal immigration laws.

## STATEMENT OF FACTS

### a. FOIA Request to ICE

9. On August 1, 2024, Plaintiffs filed a FOIA request ("the ICE Request") with ICE for records relating to its practices and procedures pertaining to DNA collection from noncitizens. Plaintiffs submitted the Request via ICE's online electronic FOIA submission portal. The Request complied with ICE's FOIA requirements. *See* Exhibit A, ICE FOIA Request

10. In an email dated August 8, 2024, ICE confirmed receipt of Plaintiffs' Request and assigned it a control number 2024-ICFO-49516. *See* Exhibit B, ICE Receipt. The email also sought further clarification from Plaintiffs and requested that Plaintiffs provide a timeframe for the search and to "specifically identify the types of records you are seeking." *See id.*

11. On September 4, 2024, Plaintiffs responded to ICE's August 8, 2024, request for clarification and stated that they disagree that their FOIA was not sufficiently specific as to the records Plaintiffs sought. Plaintiffs indicated that they were willing to narrow the time period of records requested to "January 1, 2019, until the fulfillment of this request." In addition, Plaintiffs restated the specific types of records sought from Section I of the Request. *See* Exhibit C, Correspondence with ICE at 1-4.

12. On September 6, 2024, ICE responded that the "request remains broad and burdensome upon the agency" and that Plaintiffs should "consider narrowing the timeframe to a one-year period." The ICE response also sent a link to a DHS Privacy Impact Assessment (PIA) of the DNA collection and indicated that the Plaintiffs should send the Request to CBP. *See id.* at 6.

13. On October 7, 2024, Plaintiffs requested clarification from ICE. First, Plaintiffs requested confirmation as to whether ICE was denying the request and the statutory basis for doing so. Second, Plaintiffs disputed ICE's conclusion that the request was overly broad and burdensome and requested that ICE detail "the number of records, the estimated time, and the expense of searching" to support its claim. Third, Plaintiffs asserted that the PIA link sent does not satisfy the request. *See id.* at 8. Plaintiffs also indicated that they are willing

4

to narrow the scope of dates for the request to April 8, 2020 to present. Plaintiffs' second response to ICE is attached as *See id*. at 9.

14. On October 9, 2024, ICE again acknowledged receipt of the FOIA request dated August 1, 2024 with case number 2024-ICFO-49516. ICE granted a fee waiver, denied expedited treatment, and stated that it had queried the appropriate offices for records related to the request. *See* Exhibit D, Second ICE Receipt.

15. In the October 9 receipt, ICE also invoked "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B), extending ICE's time to respond to the request by ten days, specifically stating that Plaintiffs' requests "seeks numerous documents that will necessitate a thorough and wide-ranging search . . . ." *See Id.*

16. In its invocation of "unusual circumstances," ICE failed to include a date "on which a determination is expected to be dispatched." *See id.*; 5 U.S.C. 552(a)(6)(B)(i).

17. As of the date of this complaint, ICE has failed to respond to Plaintiffs' Request.

18. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. *See* 5. U.S.C. § 552(a)(6)(A)(i).

19. If there are "unusual circumstances," as defined by statute, an agency may extend the time to make its determination by no more than ten working days. *See* 5 U.S.C. § 552(a)(6)(B)(i). With the extension, the deadline for ICE to respond to the Request was November 22, 2024.

20. It has been more than 30 working days since the Plaintiffs submitted their Request. Thus, the statutory time period for ICE to respond has elapsed.

21. Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. 5 U.S.C. § 552(a)(6)(C)(i).

22. ICE has failed to produce any agency records to Plaintiffs and the statutory period for an agency response has expired. ICE similarly has failed to communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

**b. FOIA Request to CBP**

23. On October 8, 2024, Plaintiffs filed a FOIA request ("the CBP Request") with CBP for records relating to its practices and procedures pertaining to DNA collection from noncitizens. Plaintiffs submitted the Request via CBP's online electronic FOIA submission portal. The Request complied with CBP's FOIA requirements. *See* Exhibit E, CBP FOIA Request.

24. On November 8, 2024, CBP acknowledged the request via email and assigned it case number CBP-FO-2025-003991. However, CBP also stated that the Request "was reviewed as a third-party request and did not include authorization that information on this individual, or business, can be released to you," and closed the FOIA request "as insufficient." *See* Exhibit F, CBP Denial.

25. On December 2, 2024, Plaintiffs appealed CBP's November 8, 2024 determination and disputed the case closure as "legal error." Plaintiffs clarified that the Request "does not seek information on any individual person or business." Plaintiffs further clarified that they "are not seeking personally identifying or other protected information but instead seek only records of a summary, statistical, tabular, or similar record." *See* Exhibit G, CBP FOIA Appeal.

26. On December 3, 2024, CBP granted the appeal and remanded the initial request after finding that the "FOIA Division did not conduct a sufficient search for records based on your submission." *See* Exhibit H, CBP Appeal Grant and Remand.

27. On January 22, 2025, CBP confirmed receipt of Plaintiff's October 8, 2024, under the same control number. *See* Exhibit I, CBP Receipt. In its receipt notice, CBP invoked the "unusual circumstances" exception, permitting CBP a ten-day extension for responding to the Request, pursuant to 5 U.S.C. § 552(a)(6)(B), extending CBP's time to respond to the request by ten days, specifically stating that Plaintiffs' requests "seeks numerous documents that will necessitate a thorough and wide-ranging search . . ." and "a voluminous amount of separate and distinct records." *See Id.*

28. In its invocation of "unusual circumstances," CBP failed to include a date "on which a determination is expected to be dispatched." *See id.*; 5 U.S.C. 552(a)(6)(B)(i).

29. On January 23, 2024, CBP FOIA Officer Scott contacted undersigned counsel Melo requesting a date range for the search and counsel agreed to limit the search from April 2020 to present. *See* Exhibit J, CBP Narrowing Date Range.

30. On February 6, 2025, in response to item 11 of the CBP FOIA request, CBP uploaded numerous spreadsheets to its online reading room containing data about CBP DNA collection. *See* Exhibit K, CBP First Interim Response.

31. Together with this release, CBP noted in its letter that "This is not a final response. CBP FOIA will continue to review potentially responsive records and/or conduct additional searches during this time." *See Id.* Since that release, CBP has not advised Plaintiffs of any additional record releases in response to the Request.

32. As of the date of this complaint, CBP has failed to fully respond to Plaintiffs' Request.

33. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. *See* 5. U.S.C. § 552(a)(6)(A)(i).

34. If there are "unusual circumstances," as defined by statute, an agency may extend the time to make its determination by no more than ten working days. *See* 5 U.S.C. § 552(a)(6)(B)(i). With the extension, the deadline for CBP to respond to the Request was November 8, 2024.

35. CBP's partial release of records does not meet the statutory definition of a determination. *See* 5 U.S.C. § 552(a)(6)(A)(i).

36. More than 30 working days since the Plaintiffs submitted their Request. Thus, the statutory time period for CBP to respond has elapsed.

37. Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. 5 U.S.C. § 552(a)(6)(C)(i).

38. CPB has failed to produce the full universe of responsive agency records to Plaintiffs and the statutory period for an agency response has expired. CBP similarly has failed to communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

## CAUSES OF ACTION

### COUNT ONE

**Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Respond Within the Time Required**

39. Plaintiffs repeat, allege, and incorporate by reference the allegations in preceding paragraphs as if fully set forth herein.

40. Under the FOIA, Defendants were required to respond to Plaintiffs' Request and to notify Plaintiffs of the agency's determination within thirty working days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

41. Defendants' failure to make the requisite determination, to communicate it to the Plaintiffs, and to produce responsive records within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

42. Plaintiffs have a legal right to obtain such records, and no legal basis exists for Defendants' failure to search for and disclose them.

## COUNT TWO

### Violation of Freedom of Information Act, 5 U.S.C. § 552
### for Failure to Conduct an Adequate Search

43. Plaintiffs repeat, allege, and incorporate by reference the allegations in preceding paragraphs as if fully set forth herein.

44. Defendants have violated their obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiffs' Request. 5 U.S.C. § 552(a)(3)(C).

## COUNT THREE

### Violation of Freedom of Information Act 5 U.S.C. § 552
### for Wrongful Withholding of Records

45. Plaintiffs repeat, allege, and incorporate by reference the allegations in preceding paragraphs as if fully set forth herein.

46. Defendants are wrongly withholding agency records by failing to produce nonexempt records responsive to Plaintiffs' FOIA Request and by failing to segregate and produce nonexempt records responsive to Plaintiffs' FOIA Request.

47. Defendants are obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiffs' FOIA request.

48. Plaintiffs have a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

49. Defendants' failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. *See* 5 U.S.C. § 552(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Georgetown Law Center for Privacy, Amica Center, and AI Justice request that judgment be entered in their favor against Defendants ICE and CBP, and that the Court:

1. Assume jurisdiction in this matter and maintain jurisdiction until Defendants comply with FOIA and every order of this Court;

2. Declare that Defendants' failure to respond to Plaintiffs' FOIA requests within the statutory time limit, their failure to search for records responsive to Plaintiffs' requests, and their failure to disclose such responsive records violate FOIA;

3. Order Defendants and any of their departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of ICE and CBP to conduct a prompt, reasonable search for records responsive to Plaintiffs' FOIA requests;

4. Enjoin Defendants and any of their departments, components, other organizational structures, agents, or other persons acting by, through, for, or on behalf of ICE and CBP from withholding records responsive to Plaintiffs' FOIA requests and order them to promptly produce the same;

5. Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 5 U.S.C.§ 552(a)(4)(E) and 28 U.S.C. § 2412; and

6. Grant all other such relief to Plaintiffs as the Court deems just and proper.

May XX, 2025                                    Respectfully submitted,

/s/ Amelia Christine Dagen
*On behalf of Attorneys for Plaintiffs*
Amelia Christine Dagen (D.C. Bar No. 90004838)
Daniel Melo (N.C. Bar No. 48654)*
Amica Center for Immigrant Rights
1025 Connecticut Ave. NW, Ste. 701
Washington, DC 20036
Tel.: (202) 998-3105
Fax: (202) 331-3341
amelia@caircoalition.org
Daniel.melo@amicacenter.org

/s/ Stephanie Glaberson
Stephanie Glaberson (D.C. Bar No. 177092)
Center on Privacy & Technology
Georgetown University Law Center
600 New Jersey Avenue, NW
Washington, DC 20001
Tel: (202) 662-9770
Stephanie.glaberson@georgetown.edu

/s/ Evelyn Wiese

Evelyn Wiese (CA Bar No. 338419)*
Christina Isabel LaRocca (FL Bar No. 1025528)*
Americans For Immigrant Justice
6355 NW 36 Street, Suite 2201
Miami, FL 33166
(305) 573-1106
ewiese@aijustice.org
clarocca@aijustice.org

*Attorneys for Plaintiffs*
*\*Pro hac vice motion forthcoming*

## **CERTIFICATE OF SERVICE**

I, undersigned counsel, hereby certify that on this date, I filed this complaint and all attachments using the CM/ECF system. I will furthermore send true copies by USPS Certified Priority Mail to the following individuals:

Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, Suite 4.4-B
Washington, D.C. 20229

Department of Homeland Security
Immigration & Customs Enforcement
Office of the Principal Legal Advisor
500 12th Street, SW
Washington, DC 20530

Jeanine Pirro
Civil Process Clerk
U.S. Attorney's Office for D.C.
601 D Street, NW
Washington, DC 20530

Date: May XX, 2025						Respectfully submitted,

								/s/ Amelia Christine Dagen
								*On behalf of Attorneys for Plaintiffs*