UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

GEORGETOWN LAW CENTER ON
PRIVACY AND TECHNOLOGY, *et al.*,

    *Plaintiffs*,

  v.

CUSTOMS AND BORDER PROTECTION, *et al.*,

    *Defendants*.

Civil Action No. 25-1732 (RCL)

## ANSWER

Defendants U.S. Customs and Border Protection ("CBP"), Immigration and Customs Enforcement ("ICE"), and the Department of Homeland Security (the "Department"), hereby answer Plaintiffs' Complaint (ECF No. 1) in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  All allegations in the Complaint, including the relief sought, are denied except when specifically admitted.  To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants respectfully refer this Court to those materials for a complete and accurate statement of their contents and deny any allegations inconsistent therewith; such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiffs, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

In answer to the Complaint, Defendants admit, deny, or otherwise aver as follows:

The first unnumbered paragraph consists of legal conclusions and Plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiff brings this action pursuant to FOIA.

## JURISDICTION AND VENUE[1]

1. This paragraph consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants admit only that this Court has jurisdiction subject to the terms and limitations of FOIA.

2. Paragraph 2 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendants admit only that venue is proper in this district.

## PARTIES

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Defendant CBP admits that U.S. Customs and Border Protection is a component agency of the Department and subject to FOIA. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

7. Defendant ICE admits that it is a component of the Department and subject to FOIA. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

---

[1] Defendants include the headings listed in the Complaint solely to assist in reading the pleadings and do not admit the accuracy of these headings.

8. Defendant the Department admits only that it is a department of the executive branch subject to FOIA. The remaining allegations consist of legal conclusions to which no response is required.

## STATEMENT OF FACTS

### A. FOIA Request to ICE

9. Defendant ICE admits only that ICE received a FOIA request from Plaintiffs, submitted on August 1, 2024 (the "ICE Request"). The remainder of this paragraph consists of Plaintiffs' characterization of the ICE Request and legal conclusions, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to the ICE Request for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

10. Defendant ICE admits only that ICE sent an email to Plaintiffs on August 8, 2024, acknowledging the ICE Request and assigning the ICE Request the tracking number 2024-ICFO-49516. The remainder of this paragraph consists of Plaintiffs' characterization of that communication, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that communication for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

11. Defendant ICE admits only that ICE received an email from Plaintiffs on September 4, 2024. The remainder of this paragraph consists of Plaintiffs' characterization of that communication, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that communication for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

12. Defendant ICE admits only that ICE sent an email to Plaintiffs on September 6, 2024. The remainder of this paragraph consists of Plaintiffs' characterization of that

communication, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that communication for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

13. Defendant ICE admits only that ICE received an email from Plaintiffs on October 7, 2024. The remainder of this paragraph consists of Plaintiffs' characterization of that communication, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that communication for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

14. Defendant ICE admits only that it acknowledged receipt of the ICE Request on October 9, 2024, granting a fee waiver and denying expedited processing treatment. The remainder of this paragraph consists of Plaintiffs' characterization of that communication, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that communication for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

15. This paragraph consists of Plaintiffs' characterization of the October 9, 2024, communication, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that communication for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

16. This paragraph consists of Plaintiffs' characterization of the October 9, 2024, communication, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that communication for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

Answering further, Defendant ICE avers that it emphasized both the 20-day statutory period as well as the 10-day extension in that communication.

17. Defendant ICE admits only that it has not provided a final determination of the ICE Request as of the date of the filing of the Complaint.

18. This paragraph consists of legal conclusions to which no response is required.

19. This paragraph consists of legal conclusions to which no response is required.

20. This paragraph consists of legal conclusions to which no response is required.

21. This paragraph consists of legal conclusions to which no response is required.

22. Defendant ICE admits only that it has not provided a final determination of the ICE Request as of the date of the filing of the Complaint.

**B. FOIA Request to CBP**

23. Defendant CBP admits only that CBP received a FOIA Request from Plaintiffs, on October 8, 2024 (the "CBP Request").  The remainder of this paragraph consists of Plaintiffs' characterization of the CBP Request and legal conclusions, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to the CBP Request for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

24. Defendant CBP admits only that CBP sent an email to Plaintiffs on November 8, 2024, acknowledging the CBP Request.  The remainder of this paragraph consists of Plaintiffs' characterization of that communication, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that communication for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

25. Defendant CBP admits only that Plaintiffs appealed CBP's November 8, 2024, determination (the "CBP Appeal"). The remainder of this paragraph consists of Plaintiffs' characterization of the CBP Appeal, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to the CBP Appeal for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith

26. Defendant CBP admits only that CBP granted the CBP Appeal and remanded the CBP Request on December 3, 2024. The remainder of this paragraph consists of Plaintiffs' characterization of that communication, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that communication for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

27. Defendant CBP admits only that it confirmed receipt of the CBP Request on January 22, 2025. The remainder of this paragraph consists of Plaintiffs' characterization of that communication, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that communication for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

28. This paragraph consists of Plaintiffs' characterization of the January 22, 2025, communication and legal conclusions, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that communication for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

29. Denied. Answering further, Defendant CBP avers that CBP FOIA Officer Scott contacted Plaintiffs' counsel on January 22, 2025, and that Plaintiffs' counsel agreed to limit the scope of the CBP Request on January 24, 2025.

30. Defendant CBP admits only that CBP made its first interim response to the CBP Request on February 6, 2025. The remainder of this paragraph consists of Plaintiffs' characterization of that communication, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that communication for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

31. The first sentence of this paragraph consists of Plaintiffs' characterization of the February 6, 2025, communication, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that communication for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith. With respect to the second sentence of this paragraph, Defendant CBP admits only that it has had no further communication with Plaintiffs as of the date of filing of this Complaint.

32. Defendant CBP admits only that it has had no further communication with Plaintiffs as of the date of filing of this Complaint.

33. This paragraph consists of legal conclusions to which no response is required.

34. This paragraph consists of legal conclusions to which no response is required.

35. This paragraph consists of legal conclusions to which no response is required.

36. This paragraph consists of legal conclusions to which no response is required.

37. This paragraph consists of legal conclusions to which no response is required.

38. This paragraph consists of legal conclusions to which no response is required.

## CAUSES OF ACTION

### COUNT ONE

39. Defendants incorporate their responses to Paragraphs 1-38 above as if fully set forth herein.

40. This paragraph consists of legal conclusions to which no response is required.

41. This paragraph consists of legal conclusions to which no response is required.

42. This paragraph consists of legal conclusions to which no response is required.

### COUNT TWO

43. Defendants incorporate their responses to Paragraphs 1-42 above as if fully set forth herein.

44. This paragraph consists of legal conclusions to which no response is required.

### COUNT THREE

45. Defendants incorporate their responses to Paragraphs 1-44 above as if fully set forth herein.

46. This paragraph consists of legal conclusions to which no response is required.

47. This paragraph consists of legal conclusions to which no response is required.

48. This paragraph consists of legal conclusions to which no response is required.

49. This paragraph consists of legal conclusions to which no response is required.

### REQUESTED RELIEF

The remainder of the Complaint, including the numbered subparagraphs, consists of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

**DEFENSES**

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

**First Defense**

Plaintiffs are not entitled to the further production of records protected from disclosure by one or more applicable FOIA exemptions, the release of which would foreseeably harm an interest that the exemption protects, or records protected from disclosure by one or more applicable FOIA exclusions.

**Second Defense**

Plaintiffs are not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**Third Defense**

The Court lacks subject matter jurisdiction over Plaintiffs' requests to the extent that any requested relief exceeds the relief authorized by the FOIA.

**Fourth Defense**

Plaintiffs are neither eligible for nor entitled to attorney's fees or costs.

**Fifth Defense**

Plaintiffs are not entitled to declaratory relief. 5 U.S.C. § 552(a)(4)(B).

**Sixth Defense**

At all times alleged in the Complaint and relevant to this matter, Defendants acted in good faith, with justification, and pursuant to authority.

**Seventh Defense**

Defendants are not improperly withholding any responsive records.

\*   \*   \*

WHEREFORE, Defendants respectfully request this Court dismiss the Complaint with prejudice, enter judgment in favor of Defendants, award costs for defense of this action, and grant such other relief as may be just and equitable.

Dated: August 20, 2025
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:   /s/ Kartik N. Venguswamy
KARTIK N. VENGUSWAMY
D.C. Bar No. #983326
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-1790
kartik.venguswamy@usdoj.gov

*Attorneys for the United States of America*